Filed 11/5/24  P. v. Campbell CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B336876 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA282866) |
| v. | |
| DIMETIROUS CAMPBELL, | |
| Defendant and Appellant. | |

THE COURT:

Defendant and appellant Dimetirous Campbell appeals from the denial of his petition for resentencing pursuant to Penal Code section 1172.1.[1] Appointed counsel found no arguable issues and filed a brief requesting this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).  Defendant filed a supplemental brief in which he argues that he was eligible for relief under the statute.

---

[1]    All further unattributed code sections are to the Penal Code unless otherwise stated.

Finding no merit to defendant's contention, we affirm the order denying the petition.

## BACKGROUND

In 2006, defendant was convicted by a jury of second degree robbery (§ 211) (count 1), false imprisonment by violence (§ 236) (count 2), assault with force likely to produce great bodily injury (§ 245, subd. (a)(1)) (count 3), and second degree commercial burglary (§ 459) (count 4). The trial court imposed a third-strike sentence of 35 years to life on count 1, comprised of 25 years to life as the base term plus two five-year prior serious felony enhancements pursuant to section 667, subdivision (a)(1). The court imposed and stayed low term sentences on counts 2, 3, and 4. The judgment was affirmed on direct appeal in *People v. Campbell* (Sept. 26, 2008, B201020) [nonpub. opn.].

On January 5, 2024, defendant filed a form petition requesting recall and resentencing pursuant to section 1172.1, as amended by Assembly Bill No. 600. effective January 1, 2024. (Stats. 2023, ch. 446, § 2.) On January 30, 2024, the trial court summarily denied the request for resentencing, noting that section 1172.1 does not authorize defendant to initiate a petition on his own.

Defendant filed a timely notice of appeal form the order.

## DISCUSSION

Where, as here, appointed counsel finds no arguable issues in an appeal that is not from the first appeal after conviction, we are not required to conduct an independent review of the record. (See *Delgadillo, supra*, 14 Cal.5th at p. 226.) However, even if we do not independently review the record to identify unraised issues in a case, we give defendant the opportunity to file his or her own supplemental brief or letter and we then evaluate any specific arguments raised. (See *id*. at p. 232.)

Here, counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief.

We notified defendant of counsel's brief, gave defendant 30 days to file his own letter or brief stating any grounds for an appeal, contentions, or arguments he wished to be considered, and advised him if no supplemental brief or letter is timely filed the court may dismiss the appeal as abandoned.

On September 16, 2024 defendant filed a supplemental brief in which he argues only the conclusion he was eligible for recall of his sentence under section 1172.1.

Section 1172.1, subdivision (a)(1) expands the time within which the superior trial court may recall and resentence a defendant on its own motion from within 120 days of custody commitment to "any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." As relevant here, it also provides for recall and resentencing "at any time upon the recommendation of the secretary or the Board of Parole Hearings in the case of a defendant incarcerated in state prison, . . . the district attorney of the county in which the defendant was sentenced . . . ."

On January 30, 2024, the trial court summarily denied defendant's request for resentencing, noting that section 1172.1 does not authorize defendant to initiate a petition on his own. The court noted section 1172.1, subdivision (c) states: "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond."[2]

Given that defendant initiated the request for resentencing and was not entitled to any response from the court, we conclude he was also not entitled to appointment of counsel or a hearing on the petition.

---

[2] The court suggested that defendant contact his previous attorney or the Los Angeles District Attorney "to request a review of Petitioner's file to see if he would be a good candidate for resentencing pursuant to Penal Code, § 1172.1."

The trial court thus did not err in declining to consider the merits of the petition.

## DISPOSITION

The order of January 30, 2024, denying the section 1172.1 petition is affirmed.

_____

LUI, P. J.            ASHMANN-GERST, J.            CHAVEZ, J.

4